[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 109)
The apportionment defendants move to dismiss the apportionment complaint on the ground that it was not filed within 120 days of the return date as required by General Statutes § 52-102b. The plaintiff objects to the motion on the basis that the apportionment complaint was timely pursuant to General Statutes § 52-593a because it was delivered to the sheriff within the 120 day period, and was served on the CT Page 7452 defendants within fifteen days thereof.
"The legislators, in discussing the enactment of § 52-593a, made no distinction between the types of processes to be affected by it . . . The word `process' is very broad and is intended to be all inclusive." Mariov. Conservation Commission, 33 Conn. Sup. 173, 176, 367 A.2d 698 (1976). "[T]he legislature only excepted administrative appeals from the saving provisions of § 52-593a. Apportionment actions are not excluded." (Internal quotation marks omitted.) Gillette v. Knaus DevelopmentCompany, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 155985 (September 28, 2000, Wiese, J.) (28 Conn.L.Rptr. 277, 279). Accordingly, the apportionment defendant's motion to dismiss is denied.
SKOLNICK, J.